# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ORLANDO BARRAZA ROMERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | Case No. 1:23-cv-00161-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 9) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 7, 8.)

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy that excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (ECF No. 1.) Petitioner requests that the Court direct the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (Id. at 7.)[1] Respondent has moved to dismiss the petition, arguing,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

among other grounds, that "Petitioner has failed to exhaust administrative remedies about any policy, disputed program, activity, or FSA ETCs," "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another federal court," and the case-and-controversy requirement is not satisfied because Petitioner "has not established via exhaustion that he has earned any FSA ETCs, or that FSA ETCs are owing if he were not a prisoner subject to final order of removal." (ECF No. 9 at 2, 3 & n.2.)

## II.

## DISCUSSION

Here, Petitioner challenges BOP Program Statement 5410.01 and states that his claim was not presented in all appeals available to Petitioner because "[a]ny appeal to BOP policy would be futile." (ECF No. 1 at 6, 7.) On November 18, 2022, the BOP issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned time credits. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Nov. 3, 2023). On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Nov. 3, 2023).[2] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). Article III of the United States Constitution limits the jurisdiction of

---

[2] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). Here, the petition challenges a policy that is no longer in place, and there is no indication that any exception to the mootness doctrine is applicable. Accordingly, the Court finds Petitioner is not entitled to habeas relief and the petition should be dismissed as moot.[3]

### III.
### ORDER

Accordingly, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus is DISMISSED as MOOT;

2. Respondent's motion to dismiss (ECF No. 9) is DENIED as MOOT; and

3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **November 9, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[3] Given that the petition challenges the old policy and in light of the Court's mootness determination, the Court declines to address Respondent's grounds for dismissal set forth in the motion to dismiss, including whether "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another federal court." (ECF No. 9 at 3.) Additionally, the Court notes that this conclusion does not preclude Petitioner from challenging the current BOP policy in a new petition.